

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00061-CR

## IN RE ALLAN LATOI STORY

## Original Proceeding

## From the 19th District Court
## McLennan County, Texas
## Trial Court No. 2011-2499-C1

## DISSENTING OPINION

This petition for a writ of mandamus seeks to compel the trial court to rule on a petition to authorize depositions under Rule 202 of the Texas Rules of Civil Procedure. The 202 Petition was received by the district clerk on October 31, 2022 and has not been ruled upon by the trial court. For some unknown reason, the district clerk apparently filed the petition for prefiling depositions in Story's criminal trial court proceeding, which was the same criminal trial court proceeding from which this Court had, on September 7, 2022, reversed and remanded another trial court ruling. Thus, when the current petition for a writ of mandamus was filed in this Court, the Clerk of this Court gave it a CR designation, notwithstanding that it is clearly a civil proceeding (to authorize depositions

under Texas Rule of Civil Procedure 202—the name says it all).

But there are many procedural problems in this proceeding, and the Relator's motion being filed in a criminal trial court proceeding is merely the beginning. Because it was filed in a criminal proceeding, the filing fee was not collected in the trial court or when the petition for a writ of mandamus was filed here. If the Relator had sought to proceed as indigent, then he would have had to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. Moreover, when he filed this civil mandamus proceeding, we did not notify the Relator of any procedural defects and give him the opportunity to cure them before we ruled on the mandamus proceeding. *See* TEX. R. APP. P. 44.3. In addition to the procedural defects regarding when and how it was filed, the petition suffers a number of other procedural defects such as the failure to comply with the necessary contents of a petition and the required appendix for such petitions. *See* TEX. R. APP. P. 52.3.

Accordingly, rather than deny the petition at this juncture, I would notify the Relator, Story, of the many procedural defects, some of which are chronicled above, and require their correction before proceeding to address the merits of the petition or dismiss it for failure to comply with the applicable rules.

TOM GRAY<br>
Chief Justice

Dissenting Opinion delivered and filed May 17, 2023

